IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, | |
| Plaintiff, | **8:25CV374** |
| vs. | |
| NUMOTION, | **ORDER** |
| Defendant. | |

This matter is before the court upon review of Plaintiffs' response to the Order to Show Cause filed on April 20, 2026. (Filing No. 17)

## I.   BACKGROUND

On April 22, 2025, Plaintiff filed a complaint against Numotion in the Douglas County District Court captioned Tyler v. Numotion, CI 25 3338. Defendant removed the matter to this court on June 2, 2025. (Filing No. 1). On June 9, 2025, Defendant filed a Motion to Stay alleging there were numerous related cases pending in other courts arising out of the same data incident and alleging that Plaintiff was a member of the putative classes in the earlier-filed cases. Defendant stated that mediation was scheduled in the related cases and that Plaintiff would be eligible to make a claim for settlement benefits if a settlement were reached. (Filing No. 6). Defendant's motion to stay was denied, in part, and granted in part. The case was not stayed, but Defendant's answer deadline was extended. (Filing No. 7).

1

On August 6, 2025, Defendant filed a second Motion to Stay based upon the class action settlement reached in the "earlier filed and related consolidated *Sylvester* action." (Filing No. 8). *See Sylvester v. United Seating and Mobility, LLC,* No. 3:35-cv-469 (M.D. Tenn.). Plaintiff was given 14 days to respond to Defendant's motion and show cause why the matter should not be stayed. (Filing 9). Plaintiff did not respond and the motion to stay was granted. (Filing No. 10). Defendant was tasked with filing periodic status reports detailing the status of the consolidated related cases pending in the U.S. District Court for the Middle District of Tennessee. On November 4, 2025, plaintiffs filed an Unopposed Motion and Memorandum in Support of Motion for Preliminary Approval of the Class Action Settlement, requesting preliminary approval of the proposed class action settlement. *In Re: Numotion Data Incident Litigation,* No. 3:24-cv-545 (M.D. Tenn.). (*See* Filing No. 15).

On April 17, 2026 Defendant filed a status report indicating the court granted final approval of the class action settlement in *In Re: Numotion Data Incident Litigation,* No. 3:24-cv-545 (M.D. Tenn.), and the action was dismissed with prejudice. Defendant gave notice that the dismissal order states "Settlement Class Members are further barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims." (Filing No. 15). Accordingly. the court entered a show cause order directing Plaintiff to show cause why the matter should not be dismissed in light of the class action settlement in Tennessee. (Filing No. 16).

Plaintiff filed a response identifying this court in the caption as "Fugitive Slave Act Federal Court Nebraska" and using vulgarities to address the court. (Filing No. 17). Plaintiff appears to assert this court has no jurisdiction and that he was not a member of the Tennessee class.

## II.    DISCUSSION

The court must first address Plaintiff's inappropriate communication in his response to the Order to Show Cause. (Filing No. 17). Although courts construe pro se pleadings

liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *Npimnee v. Andrews*, No. 8:23CV102, 2025 WL 3771393, at *3 (D. Neb. Dec. 31, 2025) (*See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008). Plaintiff has been notified of this standard before. *See Tyler v. Iowa State Trooper Badge No. 297,* 158 F.R.D. 632, 637 (N.D. Iowa 1994), citing *Farnsworth v. City of Kansas City, Mo.,* 863 F.2d 33, 34 (8th Cir.1988). He has also been warned that abusive language toward the court will not be tolerated. *Tyler v. Coffey*, No. 8:14CV209, 2014 WL 7014051, at *3 (D. Neb. Dec. 11, 2014) (summarizing Plaintiff's documented litigation abuses in federal and state courts). He is hereby reminded that vulgarities, name calling and otherwise abusive language will not be tolerated in this case.

As to the substantive claims, Plaintiff apparently disagrees with Defendant's assessment that he is a part of the class action and that he is barred from proceeding in this case by the terms of the judgment in the Tennessee action. The court will continue the stay of this case for an additional 90 days for the parties to determine whether Plaintiff is a settlement class member as alleged in Defendant's status report. (Filing No. 15).

IT IS ORDERED:

1) This case shall remain stayed for 90 days from the date of this order, or until Defendant files an answer or motion to dismiss this matter, whichever date is earlier.

2) No further extensions will be granted.

3) Plaintiff is to refrain from using vulgarities or abusive language in future filings or they may be stricken without further notice.

Dated this 7th day of May, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge

3